**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| FREIDA LYDIA, | ) | |
| | ) | No. 2:11-cv-01453-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Plaintiff requests $4,992.19 in attorney's fees on the ground that she is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

      The Administrative Law Judge (ALJ) issued a decision on March 19, 2009 denying plaintiff's application for disability benefits. The Appeals Council denied review, rendering the ALJ's decision that of the Commissioner of Social Security. Plaintiff filed a complaint before this court on June 14, 2011, seeking review of the Commissioner's decision.

      The matter was referred to the magistrate judge, who found in a Report & Recommendation (R&R) that the Commissioner's decision should be reversed and remanded for further proceedings. Neither party filed objections to the R&R.[1] On

---

[1] In this District, the government's decision not to object to the magistrate judge's R&R does not serve as an admission that its position was not substantially justified. Cruell v. Colvin, No. 11-2847, 2013 WL 2423127, at *2 (D.S.C. June 4, 2013).

August 13, 2012, this court issued an order affirming the R&R, reversing the Commissioner's decision, and remanding for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Lydia is considered the "prevailing party." See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658. "Where the government's position was a result of its failure to perform a certain analysis required by the law and its

regulations, the government's position was not substantially justified." <u>Adams v. Barnhart</u>, 445 F. Supp. 2d 593, 595 (D.S.C. 2006).

Here, the ALJ decided to give "little weight" to the opinions of an examining physician, Dr. Ruffing. Tr. 20. The ALJ found Dr. Ruffing's opinions were inconsistent with the substantive evidence of record, which in the ALJ's view showed that Lydia improved with treatment and was not fully compliant with treatment. <u>Id.</u> In the end, the ALJ agreed that Lydia "is certainly limited by her depression and anxiety, but she is not as limited as Dr. Ruffing describes." <u>Id.</u>

Upon review, the magistrate judge found that the ALJ failed to offer a "reviewable explanation" because he "did not explain his rationale" and the explanation he did provide was "too general on its face." R&R 14. For this reason, the magistrate judge, and this court, could not conclude whether the ALJ's decision was supported by substantial evidence.[2]

Although the court ultimately held that the ALJ did not sufficiently articulate her reasoning, the government's position in support of the ALJ's decision had a "basis both in law and fact that could satisfy a reasonable person." <u>Hurell v. Barnhart</u>, 444 F. Supp. 2d 574, 577 (D.S.C. 2006). On the whole, the court finds that the government has met its burden of showing that its position was substantially justified. <u>See</u> <u>Hudson</u>, 991 F.2d at 139 (determination of whether government's position was substantially jusitified is not an "issue-by-issue analysis" but an examination of the "totality of the circumstances"); <u>Hurrell</u>, 444 F. Supp. 2d at 577 (finding government's position was substantially justified

---

[2] This was the sole basis for recommending remand of the ALJ's decision. This court affirmed the ALJ's decision with respect to plaintiff's three other assignments of error, finding that the ALJ's decision on each issue was supported by substantial evidence.

even though ALJ's reasoning was incomplete and failed to adequately explain his rationale).

Therefore, the court **DENIES** plaintiff's motion for attorney's fees and expenses under the EAJA.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 24, 2013**
**Charleston, South Carolina**